# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MANOLO MAURIZ,

       Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,

       Agency.

DOCKET NUMBER
DA-0752-16-0260-I-1

DATE: March 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorenzo W. Tijerina</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Kelleen O'Fallon</u>, Esquire, and <u>Keyur Shah</u>, Philadelphia, Pennsylvania,
  for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by our analysis of the appellant's discrimination claim, in which we VACATE the portion of the initial decision that made findings regarding that claim, we AFFIRM the initial decision.

**BACKGROUND**

¶2    Prior to his removal, the appellant was a Federal Air Marshal, SV-1801, with the agency's Transportation Security Administration (TSA), in Houston, Texas.  Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 27.  Federal Air Marshals are required to maintain a Top Secret security clearance.  IAF, Tab 8 at 127.  The agency suspended and then revoked the appellant's clearance, effective December 18, 2015, after he failed to file an appeal of its revocation.  *Id.* at 52, 55.

¶3    Based on the sole charge of inability to maintain a Top Secret security clearance, the agency proposed the appellant's removal.  *Id.* at 51.  The proposal

notice provided the appellant 7 days from the date of receipt, January 12, 2016, in which to submit written and oral responses. *Id.* at 50, 52. On January 15, 2016, the appellant sought a 15-day extension of the period in which to reply, and the deciding official granted an extension until January 29, 2016. *Id.* at 44-49. On January 27, 2016, the appellant requested an additional extension of time in which to reply. *Id.* at 37-43. The deciding official denied his request. *Id.* at 36. The appellant failed to submit a written or an oral response before the extended reply period ended, and the agency issued its final decision upholding the proposed removal. *Id.* at 28-32.

¶4 The appellant filed this appeal and requested a hearing. IAF, Tab 1. After holding the requested hearing, the administrative judge found that the agency proved the charge by preponderant evidence. IAF, Tab 19, Initial Decision (ID) at 3-5. He found that the appellant did not establish that the agency violated his right to due process or committed a harmful procedural error when it denied his second request for an extension of time to reply to the notice of proposed removal. ID at 5-8. The administrative judge further found that the appellant's affirmative defense alleging discrimination based on national origin was not properly before the Board because the agency's action was premised on the revocation of a security clearance, but he made alternative findings that the appellant failed to prove the merits of the defense. ID at 8-11. Finally, he found that the penalty was reasonable and promoted the efficiency of the service. ID at 11. He thus affirmed the removal action. *Id.*

## ANALYSIS

¶5 Because the appellant was a TSA employee, this appeal is governed by the provisions of the Aviation and Transportation Security Act. *Winlock v. Department of Homeland Security*, 110 M.S.P.R. 521, ¶ 5 (2009) (citing *Connolly v. Department of Homeland Security*, 99 M.S.P.R. 422, ¶ 9 (2005) (finding that TSA employees are covered by the personnel management system that is applicable to employees of the Federal Aviation Administration (FAA)

under [49 U.S.C. § 40122](#))), *aff'd*, 370 F. App'x 119 (Fed. Cir. 2010).  The TSA Administrator, however, has modified the FAA personnel system as it applies to TSA employees, and those modifications are controlling.  *Id.*, ¶¶ 5-6.  TSA Management Directive (MD) 1100.75-3 sets forth policies and procedures for the agency's use of "non-disciplinary, corrective, disciplinary, and adverse actions to address unacceptable employee performance and conduct."  IAF, Tab 8 at 90.  MD 1100.75-3 mirrors 5 U.S.C. chapter 75 in some of its provisions, in that it requires the agency to give an appellant written notice of its proposed action, an opportunity to respond, and notice of the decision.[3]  *Compare id.* at 93, 107-16, *with* [5 U.S.C. § 7513](#).  Additionally, any removal, suspension, or demotion must promote the efficiency of the service.  IAF, Tab 8 at 93.

### The administrative judge properly found that the agency's action was supported by preponderant evidence.

¶6      The agency's sole charge in this appeal was that the appellant was unable to maintain his Top Secret security clearance.  *Id.* at 51-54.  The agency asserted that, pursuant to MD 1100.88-1 ¶ 7.G, Law Enforcement Position Standards and Hiring Requirements, the appellant was required to maintain a Top Secret security clearance and his inability to do so disqualifies him from his position.[4]  *Id.* at 52.

¶7      The Board lacks the authority to review the merits of an agency decision to suspend or revoke a security clearance.  *Department of the Navy v. Egan*, [484 U.S. 518](#), 530-31 (1988).  Instead, in an appeal of an adverse action based on an agency's decision to deny, revoke, or suspend a security clearance, the Board generally will only review whether the employee's position required a security clearance; the clearance was denied, revoked, or suspended; and the employee

---

[3] MD 1100.75-3 also incorporates the harmful error standard in that it states that failure to follow the provisions of the directive are grounds for reversal of an agency action, if such failure caused the agency to reach a conclusion different from the one it would have reached in the absence of the failure.  *Compare* IAF, Tab 8 at 95, *with* [5 C.F.R. §§ 1201.56](#)(c)(1), 1201.4(r).

[4] MD 1100.88-1 is included in the agency file.  IAF, Tab 8 at 74-87.

was provided with the procedural protections set forth in 5 U.S.C. § 7513. *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015) (citing *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (citing *Egan*, 484 U.S. at 530-31)). In appeals of TSA adverse actions, the agency follows the procedural protections in its internal directive, MD 1100.75-3, rather than those in 5 U.S.C. § 7513. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 14 (2014). The Board also will review whether the agency afforded the appellant due process. *Id.*, ¶ 15.

¶8    The record supports, and the appellant did not dispute, that he was required to maintain a Top Secret security clearance as a Federal Air Marshal and that his clearance was revoked. IAF, Tab 8 at 55-66, 81, 127. The administrative judge thus properly found that the agency met these two elements of proof. ID at 3-5.

The agency did not violate the appellant's right to due process by declining to grant an additional extension of time in which to submit written and oral responses.

¶9    The appellant argues on review that the agency denied his right to due process by intentionally denying him the opportunity to present an oral or written reply to the notice of proposed removal after he proposed dates upon which to schedule an oral reply. Petition for Review (PFR) File, Tab 1 at 4, 8-11, 14-15; IAF, Tab 8 at 34-39. In adverse actions based upon security clearance determinations, due process requires an employee being deprived of his property interest to be given "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Buelna*, 121 M.S.P.R. 262, ¶ 16 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Board analyzes the due process issue under the balancing test set forth in *Mathews*, which weighs: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of the interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest. *Id.* (citing *Mathews*, 424 U.S. at 335). Under the second *Mathews* factor, the employee must

be afforded the opportunity to invoke the deciding official's discretion to consider any existing viable alternatives to the adverse action. *Id.*, ¶ 22.

¶10 Under the first factor, we find that the appellant's private property interest was significantly affected by the agency's decision. As for the third factor, the agency had a compelling interest to withhold national security information from unauthorized persons. *Egan*, 484 U.S. at 527. As for the risk of erroneous deprivation of the appellant's property interest, we agree with the administrative judge's conclusion that the agency did not deprive him of a meaningful opportunity to be heard. ID at 5-7. The agency gave him written notice of the proposed removal, the reasons for the proposed action, and a 7-day period in which to respond. IAF, Tab 8 at 51-54. The agency also notified him of his right to be represented. *Id.* at 53. At his request, the agency extended the original reply period by 10 days. *Id.* at 44-49. When the appellant requested a second extension, the agency informed him—prior to the extended reply period expiring—that no additional extension would be granted. *Id.* at 36-43. The agency issued the written decision after the extended reply period ended, and no response had been received. *Id.* at 28-43.

¶11 The Board has held that an agency commits a due process violation when it fails to consider a response that is timely by the agency's own terms. *Alford v. Department of Defense*, 118 M.S.P.R. 556, ¶ 7 (2012). Here, however, the appellant submitted nothing that we would deem to be a timely response under the agency's terms. In his notice extending the original reply period, the deciding official stated, "The response period (*to complete both written and oral responses*) is therefore extended to the close of business on January 29, 2016." IAF, Tab 8 at 46 (emphasis added). Further, the agency's instructions for the initial 7-day reply period state that the appellant had the right "to reply to this proposal orally and/or in writing and furnish any evidence in support of [his] reply within 7 calendar days" after the date he received the proposal. *Id.* at 52. We find that the unambiguous terms of the initial and extended reply periods

required the appellant to present his oral and written responses—and not just to attempt to schedule an oral response—by a date certain.

¶12    The appellant asserts that his January 15 and January 27, 2016 letters were requests for a date, time, and location certain for giving an oral response.  PFR File, Tab 1 at 9.  The subject-matter line on the January 15, 2016 letter referenced a date certain to reply orally, but the body of the letter did not elaborate upon that request.  IAF, Tab 8 at 48.  In the January 27, 2016 letter, the appellant offered the week of February 23 through February 27, 2016, in which to schedule an oral response.  *Id.* at 39.  That week, however, was well beyond the January 29, 2016 deadline by which both written and oral responses were to have been completed.  *Compare* IAF, Tab 8 at 46 (stating that the response period to *complete* both written and oral responses ended on January 29, 2016), *with Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶¶ 7-10 (2013) (finding that the agency violated the appellant's due process rights when the proposal notice afforded her the opportunity to *schedule* her oral response during the reply period).  For these reasons, we find that the appellant failed to submit either an oral or a written response within the agency's designated timeframe.

¶13    The appellant argues that the agency's proffered reply period was nothing more than "an empty formality."  PFR File, Tab 1 at 11.  We disagree.  Predecisional due process requires that the agency provide an appellant with an *opportunity* in which to respond to the agency's proposal, which the appellant received from January 12 through January 29, 2016.  *See Kinsey v. Department of the Navy*, 59 M.S.P.R. 226, 229 (1993) (citing *Darnell v. Department of Transportation*, 807 F.2d 943, 945 (Fed. Cir. 1986) ("An *opportunity to present* is quite different from a *presentation in fact*.") (emphasis in original)).  The appellant clearly would have preferred a longer period in which to respond for the reasons set forth in his letters asking the deciding official for extensions.  IAF, Tab 8 at 39, 48.  Nevertheless, if a tenured public employee is entitled to a full post-decisional hearing, such as the appellant's Board hearing, a predecisional

trial-type hearing is not required, and fundamental due process requirements are satisfied if the employee has a predecisional opportunity to present, either in person or in writing, reasons why the proposed action should not be taken. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 8 (2015) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 22 (2004), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006)).

¶14     The removal action here is based on a single charge of failure to maintain a required security clearance, and we find no indication that the matters to be addressed in a reply were particularly numerous or complex. We have considered the appellant's reasons for requesting an extension, including his attorney's asserted scheduling issues, but, under the circumstances, we find that the 17-day predecisional reply period afforded to the appellant was of sufficient length to satisfy the requirements of minimum due process under the Constitution. *See Henderson v. Department of Veterans Affairs*, 123 M.S.P.R. 536, ¶¶ 3, 13 (2016) (holding that 7 days was a reasonable, and constitutionally adequate, period of time for a predecisional reply to a notice of proposed suspension based on a criminal indictment), *aff'd*, 878 F.3d 1044 (Fed. Cir. 2017); *Pumphrey*, 122 M.S.P.R. 186, ¶ 8 (holding that a 14-day predecisional reply period allowed the appellant a meaningful opportunity and reasonable time to respond to a notice of proposed furlough and was constitutionally sufficient); *cf. Ray*, 97 M.S.P.R. 101, ¶¶ 6, 14, 22 (finding that a 29-day predecisional reply period satisfied minimum due process requirements regarding a removal action based on nine specifications of conduct unbecoming a Federal employee, even considering circumstances that included the number and complexity of the charges, the volume of supporting evidence, the difficulties imposed by distance, and scheduling constraints concerning an oral reply).

¶15     Intertwined with the appellant's due process arguments is his assertion that he was denied a hearing before a "neutral" or unbiased deciding official. PFR

File, Tab 1 at 4, 8, 14-15. The appellant's arguments regarding the deciding official's alleged bias that he made before the administrative judge pertain to his belief that the deciding official discriminated against him based on national origin. IAF, Tab 10 at 6. As we explain *infra* ¶ 23, the Board cannot adjudicate the appellant's discrimination claim because doing so would require the Board to consider the validity of the security clearance determination, which it cannot do. *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶¶ 18-19 (2014). For all of these reasons, we conclude that the administrative judge properly found that the appellant failed to establish that the agency violated his right to due process when it did not grant him an additional extension of time in which to submit written and oral responses to the notice of proposed removal.

<u>The agency did not commit harmful error by not granting an additional extension of time in which to submit written and oral responses.</u>

¶16 The appellant also argues on review that the agency's alleged denial of his right to offer a written or an oral response was harmful error. PFR File, Tab 1 at 4, 8-11, 15. The appellant asserts that, if he had been given such a response, the deciding official might have exercised his discretion to consider transferring him to a Transportation Security Officer (Airport Screener) position, which does not require a security clearance. *Id.* at 4, 10. The appellant included with his petition for review an internet vacancy announcement seeking to hire Transportation Security Officers in the San Angelo, Texas area. *Id.* at 17-23.

¶17 The vacancy announcement is not in the record from the proceeding before the administrative judge. Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Although this particular announcement would not have been available before the record closed, IAF, Tab 11 at 6, there were likely similar announcements available at the time. To the extent the appellant relies on this

vacancy announcement to establish that positions existed to which he could have been assigned without a security clearance, we find that he has not established that such information was unavailable to him before the record closed despite his due diligence. *See* 5 C.F.R. § 1201.115(d) ("To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.").

¶18    Moreover, an appellant who seeks to introduce new evidence must show that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant's submission here would not warrant a different outcome because the administrative judge properly concluded that the agency did not commit harmful procedural error by denying him an additional extension of the period for submitting written and oral responses. ID at 7-8. To prove harmful procedural error, an appellant must establish that an agency committed a procedural error that was likely to have caused it to reach a conclusion different from the one it would have otherwise reached in the absence or cure of the error.[5] 5 C.F.R. § 1201.4(r). The appellant bears the burden of proof on this affirmative defense. 5 C.F.R. § 1201.56(b)(2)(i)(C). As explained above, the agency followed the procedures set forth in MD 1100.75-3 by giving the appellant written notice stating the charge and a description of the evidence supporting the charge,[6] as well as an opportunity to respond orally and in writing. IAF, Tab 8 at 51-54. The appellant failed to avail himself of the opportunity to respond.

---

[5] Similarly, MD 1100.75-3 ¶ 6.L states:

> A failure to comply with the provisions of this directive, the accompanying Handbook, or Appendices may be grounds for reversing an action only if it caused TSA to reach a conclusion different from the one it would have reached in the absence of the failure.

IAF, Tab 8 at 95.

[6] The agency supplied copies of the materials supporting the charge. IAF, Tab 8 at 53, 55-89.

¶19    Additionally, the appellant failed to show that any statute or regulation required the agency to consider assigning him to an alternative position. *See Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 12 (2014). The deciding official testified that he was unaware of any right of reassignment under such circumstances, and, in any event, a candidate for any position at TSA must be eligible for a security clearance. Hearing Compact Disc (HCD) (testimony of the deciding official). On review, the appellant asserts that there are positions at TSA that do not require a security clearance. PFR File, Tab 1 at 4, 10. We find, however, that the existence of any such position is immaterial to the outcome of this appeal. In the absence of a statute or regulation requiring the agency to seek out alternative employment, the Board lacks the authority to review whether the lesser sanction of reassignment to a nonsensitive position would have been feasible. *Flores*, 121 M.S.P.R. 287, ¶ 12 (citing *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989)). Thus, we will not disturb the administrative judge's finding that the appellant failed to establish that any harmful procedural error occurred. ID at 7-8.

The administrative judge did not abuse his discretion when he declined to admit the transcript of the deciding official's deposition.

¶20    On review, the appellant asserts that the administrative judge summarily sealed the record and closed the hearing, preventing him from introducing portions of the deciding official's deposition transcript. PFR File, Tab 1 at 11-13. The appellant submitted these portions of the transcript with his petition for review. *Id.* at 24-46. The record shows that the appellant sought to introduce the entire transcript on May 19, 2016, after the prehearing conference had taken place and the May 6, 2016 Order and Summary of Telephonic Prehearing Conference had been issued. IAF, Tabs 11, 16. The agency objected because the deciding official was set to testify in person. IAF, Tab 17 at 4. The agency also asked the administrative judge to remove the appellant's filing from the Board's e-Appeal Online Repository because the deposition had been marked as containing

Sensitive Security Information (SSI). *Id.* at 9. The agency explained that the record would have to be sealed if the transcript were admitted into evidence. *Id.* at 9-10.

¶21 The administrative judge did not seal the record. Instead, he ruled that portions of the deposition could be used to impeach the deciding official's testimony, but the deposition in its entirety would not be admitted. HCD. Before testimony began, the administrative judge asked the agency to identify the portions of the transcript containing SSI. HCD. The agency stated that the SSI in the transcript was general background information and not relevant to the issues on appeal. HCD. At the end of the hearing, when the appellant had not cited to *any* portion of the transcript for impeachment purposes, the administrative judge declined to admit the transcript.[7] HCD.

¶22 We find no abuse of discretion in the administrative judge's rulings, which were within his sound discretion. *See* 5 C.F.R. § 1201.41(b)(3), (6), (8). In any event, the transcript also fails to meet the Board's definition of new evidence, and the appellant had the opportunity to use it for impeachment purposes during the hearing. IAF, Tab 16; *see Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶¶ 25-26 (2006) (finding that the administrative judge did not err or abuse his discretion by not considering testimony proffered at a prior hearing when, among other things, neither party was precluded at a later hearing from using the record from the prior hearing to refresh a witness's recollection or impeach his credibility), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012); 5 C.F.R. § 1201.115(d).

---

[7] The appellant's submissions that include portions of the transcript nevertheless remain in the physical record, which is appropriately marked as containing SSI, but are not available through the Board's electronic case repository. IAF, Tab 16; PFR File, Tab 1.

<u>To the extent that the administrative judge made findings on the issue of discrimination, we vacate those findings.</u>

¶23    Finally, as the administrative judge properly noted, the Board cannot adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible discrimination or retaliation.  ID at 9-10; *see Putnam*, 121 M.S.P.R. 532, ¶ 18; *Pangarova v. Department of the Army*, 42 M.S.P.R. 319, 322-24 (1989). Accordingly, the Board lacks the authority to adjudicate the appellant's discrimination claim.  To the extent that the administrative judge made findings concerning the discrimination claim in the initial decision, ID at 10-12, we vacate those findings.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.